CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ricole Morgan, individually and as legal guardian of T.M., a minor

**DEFENDANTS**
Valley Forge Military Academy & College

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110 (215) 557-9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Civil rights violation - 14th Amendment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE None
DOCKET NUMBER _____

DATE
August 3, 2021

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Conshohocken, Pennsylvania _____

Address of Defendant: _____ Wayne, Pennsylvania _____

Place of Accident, Incident or Transaction: _____ Wayne, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ None _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **August 3, 2021** _____   *Attorney-at-Law / Pro Se Plaintiff* (Must sign here)   **37692**   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ **Robert T Vance Jr** _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **August 3, 2021** _____   *Attorney-at-Law / Pro Se Plaintiff* (Sign here if applicable)   **37692**   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**United States District Court for the Eastern District of Pennsylvania**

Ricole Morgan, individually and as      :
legal guardian of T.M., a minor,      :
     :
           Plaintiff,      :
     :
           vs      :      Civil Action No.
     :      Jury Trial Demanded
Valley Forge Military Academy & College,   :
     :
           Defendant.      :

### *Complaint*

Plaintiff, Ricole Morgan, individually and as legal guardian of T.M., a minor, brings a series of claims against Defendant, of which the following is a statement:

1.     This is a civil rights action in which the Plaintiff contends that defendant violated the Due Process and Equal Protection Clauses of the U.S. Constitution and state common law in connection with disciplinary action it took against T.M.

### *Jurisdiction and Venue*

2.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, this action being brought pursuant to 42 U.S.C. §1983, and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).  This Court may exercise supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

### *Parties*

4.     Plaintiff, Ricole Morgan, is a resident of this judicial district and the legal guardian of T.M.  T.M. is African-American.

5.      Defendant, Valley Forge Military Academy & College, is a private college preparatory boarding school and military junior college located at 1001 Eagle Road, Wayne PA 19087.  At all times relevant to this case, defendant received federal financial assistance.

6.      The acts alleged in this Complaint were authorized, ratified and done by employees, agents and servants of defendant acting within the scope of their employments and agencies, and acting under color of state law.

### *Background Facts*

7.      Owing to its military history, students enrolled at defendant are known as "Cadets."

8.      According to defendant's Student Handbook 2019-2020, defendant purports to build "leaders of character."  Surely, however, character does not include subjecting Cadets to racially discriminatory treatment or teaching Cadets to accept race discrimination or harassment.  In fact, defendant's Student Handbook 2019-2020 provides,

> **A. Discrimination and Bias-Related Behaviors**
> Valley Forge Military College strictly prohibits any form of discrimination and bias-related behaviors.  VFMC is dedicated to educating students of diverse racial and ethnic origins and to fostering broad appreciation for cultural and ancestral diversity.  Discrimination against any person on the basis of race, disability, age, gender, color, ethnicity, ancestry, creed, religion, sexual orientation, or national origin is against the law and violates the VFMC Community Standards.

9.      Despite its alleged adherence to these lofty and worthwhile ideals, defendant fell woefully short in fostering and promoting them with respect to Black Cadets in general, and with respect to T.M. in particular, and perpetuated dangerous racial stereotypes and tropes.  Among other actions,

a.      Non-Black administrators and leadership at defendant frequently referred to Black Cadets, including T.M., as a "gang" because they socialized together;

b.      Leadership and administrators at defendant spoke openly about trying to find a way to get rid of the group of Black Cadets they labeled a gang;

2

c.      Without justification, leadership and administrators at defendant routinely referred to the group of Black Cadets they labeled a gang as troublemakers;

d.      Altercations among Cadets occurred frequently at defendant.  When the altercations involved non-Black Cadets, leadership and administrators did not involve the local police.  However, whenever the altercations involved Black Cadets, leadership and administrators routinely reported the incident to and sought the involvement of local law enforcement; and

e.      Black Cadets routinely were disciplined more severely than non-Black Cadets for committing the same offenses.

10.     T.M. enrolled at defendant on August 15, 2019.  He was an honor student, served in student leadership capacities at defendant, had received prestigious awards at defendant, and had an otherwise unblemished record.

11.     On October 30, 2020, an altercation occurred among some Cadets.  Some Cadets had a physical altercation with a non-Black Cadet who had made a racist and derogatory post on social media. The non-Black Cadet previously had engaged in racist and discriminatory behavior, and although defendant was aware of his actions, defendant never took any action against him.  T.M. was not involved in the altercation.

12.     Consistent with its pattern and practice of discrimination against Black Cadets, and without notifying Ms. Morgan, defendant immediately solicited the involvement of local law enforcement, agents of which began to conduct interviews of Cadets outside of the presence of their parents.

13.     Despite the fact that T.M. was not involved in the physical altercation, defendant notified Ms. Morgan by email on the morning of October 31, 2020, that he was, and that an investigation was underway.  See Ex. A attached hereto and made a part hereof.

14.     Despite the fact that T.M. was not involved in the physical altercation, during the evening of October 31, 2020, defendant notified Ms. Morgan by email that T.M. was suspended until November 8, 2020, and that she should retrieve him from the campus.  See Ex. B attached hereto and made a part hereof.

15.     By letter dated November 6, 2020, defendant dismissed T.M. allegedly for conduct unbecoming a Cadet and conspiracy.  See Ex. C attached hereto and made a part hereof.

16.     By letter dated November 13, 2020, Ms. Morgan appealed T.M.'s dismissal.  See Ex. D attached hereto and made a part hereof.

17.     By letter dated November 20, 2020, defendant notified Ms. Morgan the T.M.'s dismissal had been overturned and that he would be allowed to return to defendant under a Suspended Dismissal status, along with incurring certain non-negotiable penalties, including the loss of a Stein Scholarship, 4 months of restrictions, and a $500 fine.  See Ex. E attached hereto and made a part hereof.

18.     The conditions defendant sought to impose on T.M. were oppressive, unfair, unjustified, and discriminatory and consistent with its history and pattern and practice of disciplining Black Cadets more severely than non-Black Cadets for comparable offenses.  For example,

a.      a non-Black Cadet threatened to "blow up the school" based on discipline he received with which he did not agree.  Local law enforcement, including several SWAT teams were called to the campus to search for explosives, given the nature of the threat.  In response, defendant merely suspended the student, but allowed him to remain on campus; and

b.      a non-Black Cadet spit in the face of a faculty member during a class.  Defendant allowed the student to remain on campus.

19.     Although defendant offered to reinstate T.M. with conditions, it did not allow him to attend classes virtually, which negatively affected his academic progress.  In contrast, a non-Black Cadet involved in the incident was allowed to attend classes virtually.

20.     Because of the discriminatory treatment defendant accorded to T.M., including the oppressive, unfair, unjustified, and discriminatory conditions imposed on his return, Ms. Morgan determined that T.M. would not return to defendant.

21.     Despite repeated requests from Ms. Morgan, consistent with its history and pattern and practice of discrimination against Black Cadets, to date defendant has refused to provide Ms. Morgan an official transcript for T.M.  At the same time, however, defendant has demanded that Ms. Morgan pay $9,720.67 in tuition for time that T.M. was not enrolled at defendant.

22.     As a direct and proximate result of defendant's conduct described above, Plaintiff and T.M. suffered humiliation, embarrassment, mental anguish, pain and suffering, and other damages associated with the violation of their civil rights.

23.     Defendant acted and failed to act willfully, maliciously, intentionally, and with reckless disregard for the rights of Plaintiff and T.M.

### Count I

### Equal Protection Clause of the Fourteenth Amendment

24.     Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-23, inclusive, of this Complaint.

25.     The actions and omissions of the defendant described above violated Plaintiff and T.M.'s right guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution to be free from discrimination on the basis of race by intentionally treating him differently than non-Black Cadets.

## Count II

### Due Process Clause of the Fourteenth Amendment

26.     Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-25, inclusive, of this Complaint.

27.     The actions and omissions of the defendant described above were intentionally injurious to Plaintiff and T.M. and deliberately indifferent to the impact they would have on Plaintiff and T.M.

28.     The totality of the circumstances and the defendant's actions and omissions described above shock the conscience.

29.     Defendant's actions and omissions violated the substantive protections to which the Plaintiff and T.M. were entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

## Count III

### Breach of Contract

30.     Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-29, inclusive, of this Complaint.

31.     The Student Handbook 2019-2020 created a contractual relationship with Plaintiff.

32.     The actions and omissions of defendant described above breached material provisions of the contract regarding ensuring that T.M. would not be subjected to race discrimination and breached the covenant of good faith and fair dealing implied under the contract.

33.     As a direct and proximate result of defendant's material breach of contract, Plaintiff and T.M. incurred significant economic and non-economic damages.

### Jury Demand

34.     Plaintiff demands a trial by jury as to all issues so triable.

*Prayer for Relief*

Wherefore, Plaintiff hereby demands judgment in her favor and against defendant, awarding her all damages available at law, compensatory and punitive damages, attorney's fees, expert witness fees, costs and disbursements pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Ricole Morgan*

7

Exhibit A

Date: October 31, 2020 at 12:18:35 PM EDT
To: "Anderson, Charles D." <CDAnderson@vfmac.edu>
Cc: "DeMarro, Vincent" <VDeMarro@vfmac.edu>
Subject: Re: Assault

Mr Anderson,
As a follow up to my voicemail, could you please contact me as soon as possible at 484-994-7313. Thank you in advance.

Regards,
Ricole Morgan

On Oct 31, 2020, at 9:26 AM, Anderson, Charles D. <CDAnderson@vfmac.edu> wrote:

Good Morning

This email is to inform you Tyme and several other boys lured another Cadet into a room, and punched kicked and choked him, apparently because a post made on snapchat.

We are currently conducting the investigation and as we peel this back we will keep you posted.



**C D Anderson**

Sergeant Major

United States Marine Corps Ret.

Lead TAC Officer Younghusband Hall

**Valley Forge Military Academy & College**

Office: **610-989-1270/1271**

Mobile/Fax: **484-803-2215**

1001 Eagle Road, Wayne, PA 19087

vfmac.edu

Exhibit B

Date: October 31, 2020 at 5:53:19 PM EDT
To: "ricoletmorgan@gmail.com" <ricoletmorgan@gmail.com>
Subject: Assault follow up

Good Evening Mrs. Morgan,

This email is to inform you that your son has been suspended until Nov 8.  You may pick your son up tonight, however, no later than tomorrow at noon.

Respectfully,



**Vince DeMarro**

Director of Music

**Valley Forge Military Academy & College**

Office: **610-989-1252**

Mobile 610-357-7400

Exhibit C

**VALLEY
FORGE**

MILITARY
ACADEMY & COLLEGE

November 6, 2020

Ms. Ricole Morgan
335 E. Hector Street
Conshohocken, PA 19428

Dear Ms. Morgan,

This letter will serve to confirm that in accordance with our Rules and Regulations, Tyme has been Dismissed from Valley Forge Military Academy & College and the Corps of Cadets effective todays date, per Special Orders No. 7 for Conduct Unbecoming a Cadet and Conspiracy.

If you wish to appeal this decision, please submit your request in writing to the President's Office, in care of the Commandant's Department. The burden is on the appealing cadet to demonstrate why the finding of dismissal should be altered. Appeals may be based only on the following grounds:

  a. Denial of due process,

  b. Significant and relevant new evidence that was not available at the time of the disciplinary action, and/or

  c. Sanctions which are unduly harsh or arbitrary.

Appeal requests will be processed as follows:

  a. Deliver the appeal to the Commandant's Department for forwarding to the President's Office.

  b. The President's Office will review the appeal and the entire record of the case.

  c. Based upon a complete review of the merits of the case and the appeal, the President's Office may do any of the following:

    (1) Determine the dismissal is warranted and affirm the results.

    (2) Alter or suspend the original decision of dismissal.

    (3) Refer the case to a new hearing authority for a rehearing.

    (4) Dismiss the case.

The President's Office is the final authority for any disciplinary action taken within the Corps of Cadets, and will provide a written response to the appeal.

If you intend to appeal this decision, please provide your written appeal within seven days of the date of this notification. In the interest of time, you may fax your appeal to 610-989-1260 or send it electronically to KSeitz@vfmac.edu . Please send the original copy via mail.

If you have any questions regarding the coordination of final administrative actions, please contact SgtMaj Anderson, USMC (Ret.), Lead Academy TAC Officer, at 610-989-1270.

Sincerely,



Julian J. Rivera
Colonel, USMC
Commandant of Cadets

cc: TAC Officer

1001 EAGLE ROAD ♦ WAYNE, PENNSLYVANIA ♦ 19087-3695
800-234-VFMA ♦ www.vfmac.edu

Exhibit D

November 13, 2020

Ricole Morgan
335 E. Hector St.
Conshohocken, Pa. 19428
484-994-7313
Ricoletmorgan@gmail.com


Valley Forge Military Academy & College
Julian J. Rivera, Commandant of Cadets
1001 Eagle Rd.
Wayne, Pa. 19087-3695
610-989-1200


Dear Valley Forge Military Academy & College:

I, Ricole Morgan, am writing in response to the correspondence received on November 11, 2020.
This letter serves as the formal appeal to Tyme Morgan's ("Cadet Morgan") expulsion decision
per Special Orders No. 7 (Conduct Unbecoming an Cadet and Conspiracy).

The requested appeal is based on the following:
- Denial of due process inclusive of the Radnor Police interview that was unbeknownst to
  Ricole Morgan, Legal Court Appointed Guardian;
- Evidentiary Information; and
- Unduly Harsh Sanctions, amongst other things

Tyme Morgan started Valley Forge Military Academy & College ("the Academy") on August
15, 2019.  Since this time, Cadet Morgan has demonstrated stellar character and academic
performance.  Cadet Morgan has been an upstanding young individual, which has been
demonstrated in a multitude of ways.  Cadet Morgan was afforded with selective opportunities to
represent the Academy and has received prestigious awards, further demonstrating the
Academy's perspective on Cadet Morgan and his character.

Cadet Morgan's expulsion decision was based on Special Order No.7.  Cadet Morgan has never
been involved in unbecoming activities and prides himself in representing the character that our
family has instilled in him.  As previously mentioned, Cadet Morgan did not conspire nor
participate in the events that took place on October 30, 2020.  In closing, the due process and
ultimate decision to expel Cadet Morgan has been extremely taxing and disappointing, on many
levels.  At this time, I am respectfully requesting that we are granted with the opportunity to
adequately address this matter to the Board and or/President; with the ultimate goal of being
reinstated.


Respectfully,

*Ricole Morgan*

Exhibit E

VALLEY FORGE MILITARY ACADEMY AND COLLEGE

1001 EAGLE ROAD, WAYNE, PA 19087-3695 / 610-989-1200 / FAX: 610-975-9642

OFFICE OF THE PRESIDENT

November 20, 2020

Ms. Ricole Morgan
335 E. Hector Street
Conshohocken, PA  19428

Dear Ms. Morgan,

I have read your letter appealing Tyme's dismissal. I have reviewed his disciplinary and tactical records, and have also met with the Dean of the Academy and the Commandant of Cadets to evaluate his potential success at Valley Forge.

This is Tyme's first 'Class A' offense.

The dismissal of Cadet Tyme Morgan will be overturned. However, Tyme will return to Valley Forge Military Academy as a virtual learner & Cadet until the Corps of Cadets returns from winter break on or about January 4, 2021.

Valley Forge Military Academy will pro-rate the charge for the Board for the rest of this semester from the time Tyme was dismissed.

Tyme will be awarded the following penalty for his involvement in the assault and failure to act:

- Return under a Suspended Dismissal status.
- Loss of Stein Scholarship.
- 20 demerits
- 4 months of restriction
- 60 Penalty Tours
- $500.00 fine
- Must write a letter of apology to the victim
- Must agree to meet with the victim upon return, in person, for a mediated discussion about what took place.

If you accept the above noted terms please inform myself and I will have the Academy staff reach out to set up Tyme for virtual learning.

Tyme has the ability to continue with his Valley Forge education albeit remotely for the next couple of weeks. You wrote a very compelling appeal and I do want to grant him a second chance. I would like to see Tyme continue as a Cadet here at Valley Forge Military Academy and look forward to seeing him in January 2021 where he can begin fresh.

Sincerely,

Stuart B. Helgeson
Colonel, USMC (ret)
President